1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.Z. by and through her parents and guardians, E.Z. and D.Z., individually, and on behalf of the JUNO THERAPEUTICS, INC. HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals and plans,<br><br>                    Plaintiff,<br><br>        v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>                    Defendants. | NO.  2:17-cv-1292<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>**[REDACTED]** |

## I.   PARTIES

1.      ***A.Z.***  Plaintiff A.Z. is the 16-year-old daughter and dependent of E.Z. and D.Z. and resides in King County, Washington.  Plaintiff A.Z. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Juno Therapeutics, Inc., Health Benefit Plan. A.Z.'s coverage is through E.Z.'s employment with Juno Therapeutics, Inc.

2.      ***Juno Therapeutics, Inc., Health Benefit Plan.***  The Juno Therapeutics, Inc., Health Benefit Plan ("Plan") is an "employee welfare benefit plan" under ERISA § 1003,

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 1

29 U.S.C. § 1002(1). The Plan covers more than 50 employees. The Plan is located in King County, Washington. The Plan is a group health plan that provides both medical/surgical benefits and mental health/substance use disorder benefits. *See* 29 U.S.C. § 1185a.

3. ***Regence BlueShield.*** The health benefits of the Plan were underwritten, insured and administered by Regence BlueShield until January 1, 2017. Regence BlueShield is an authorized health carrier based in King County and is engaged in the business of insurance in the State of Washington, including King County. Regence BlueShield underwrites and administers benefits for many ERISA-governed employer-sponsored employee welfare benefits plans including plans with greater than 50 employees ("Plans"). Regence BlueShield makes benefit determinations, reviews and finally decides appeals of denied claims under the Plans it insures, and, in those capacities, is a fiduciary under ERISA. Regence BlueShield is a Washington corporation that does business in the State of Washington, including King County.

4. ***Cambia Health Solutions, Inc., f/k/a The Regence Group***. Cambia Health Solutions, Inc., f/k/a The Regence Group ("Cambia") is the nonprofit parent of Regence BlueShield, and authorized health carriers engaged in the business of insurance including Regence BlueCross BlueShield of Oregon and BridgeSpan Health. Cambia provides claims processing and other services for Regence BlueShield and, based upon information and belief, for other authorized health carriers engaged in the business of insurance. As a result, Cambia is a fiduciary under ERISA.

5. ***Relationship between Regence BlueShield and Cambia.*** Regence BlueShield and Cambia are "alter egos." *See McKinnon v. Blue Cross-Blue Shield of Alabama,* 691 F. Supp. 1314, 1319 (1988), *aff'd,* 874 F.2d 820 (1989). Regence BlueShield and the other Cambia-affiliated health carriers use the same or similar standard contracts for insured policies, and specifically, use the same standard exclusion of

[REDACTED]
COMPLAINT (CLASS ACTION) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

outdoor/wilderness behavioral healthcare programs (commonly referred to as "wilderness programs"), the same standard definition of "medical necessity" and the same internal policies and procedures for determining coverage of wilderness programs. For the purpose of this Complaint, both Regence BlueShield and Cambia are referred to as a single defendant, "Regence."

## II.    JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

7.      Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because, *inter alia*, a defendant resides or may be found in this district.

8.      In conformity with 29 U.S.C. §1132(h), plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## III.    NATURE OF THE CASE

9.      Plaintiff seeks to end Regence's standard discriminatory practice of excluding all coverage for outdoor/wilderness behavioral healthcare programs. Regence excludes coverage of outdoor/wilderness behavioral healthcare programs even when medically necessary to treat a mental health condition.  It excludes coverage of outdoor/wilderness behavioral healthcare programs even though it covers medical treatment provided in other types of intermediate residential programs, such as skilled nursing care.  Plaintiff seeks to enforce the Federal Mental Health Parity Act and its implementing regulations as incorporated into the terms of Regence insured health plans in order to end such discriminatory and illegal practices.

10.     On October 3, 2008, Congress enacted the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act").  *See* 29 U.S.C. § 1185a.  The Parity Act became effective one year later on October 3, 2009.  The purpose of the law was to end discrimination in the provision of coverage for mental

[REDACTED]
COMPLAINT (CLASS ACTION) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303    FAX (206) 223-0246

health treatment, as compared to medical and surgical services.  *See Coal. for Parity, Inc. v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010).  While the Parity Act does not require Regence to cover mental health services, if Regence chooses to cover mental health services in its insured health plans – and it does – such coverage must be provided "at parity" with medical/surgical benefits.  This means that Regence must ensure that:

> [T]he treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) ***and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits***.

29 U.S.C. § 1185a(a)(3)(A)(ii) (emphasis added); *see also* 29 C.F.R. § 2590.712(c)(4).

11.    ERISA requires Regence to administer its ERISA insured health plans in a manner that includes the requirements of federal insurance mandates, including the Parity Act and its implementing regulations.  By applying its blanket exclusion of outdoor/wilderness behavioral healthcare programs in violation of the Parity Act and its regulations, Regence is systemically and uniformly failing to properly administer its ERISA insurance coverage.  It is also breaching its fiduciary duties to plaintiff and class members, who have not received the benefits to which they are entitled.

12.    In addition, Regence's application of the outdoor/wilderness behavioral healthcare program exclusion violates the provider non-discrimination provision of the Affordable Care Act.  42 U.S.C. § 300gg-5(a); 29 U.S.C. § 1185d.  This law prohibits Regence from discriminating against a health care provider that is acting within the scope of the provider's license under applicable state law.  *Id.*

13.    This lawsuit seeks remedies under ERISA arising out of Regence's failure to comply with the terms of its ERISA insured plans as modified by applicable federal law. It further seeks to recover the benefits that have been wrongfully denied to plaintiff

[REDACTED]
COMPLAINT (CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303    FAX (206) 223-0246

and the class she seeks to represent.  It also seeks a court order declaring Regence's

blanket exclusion of coverage for wilderness therapy void and unenforceable.  Finally, it

seeks to require Regence to provide accurate information to all ERISA insureds

concerning the coverage of outdoor/wilderness behavioral healthcare programs.

## IV.  CLASS ALLEGATIONS

14.    *Definition of Class*.  The class consists of all individuals who:

> (1)    have been or are participants or beneficiaries under an ERISA-governed plan insured by a health plan that has been or is delivered, issued for delivery, or renewed by (a) Regence; (b) any affiliate of Regence; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing, at any time on or after October 3, 2009 and/or the relevant statute of limitations; and

> (2)    have required treatment in an outdoor/wilderness behavioral healthcare program or programs for a mental health condition.

15.    *Size of Class*.  The class of Regence ERISA insureds who have required

treatment in outdoor/wilderness behavioral healthcare programs for a mental health

condition is expected to be so numerous that joinder of all members is impracticable.

16.    *Class Representative A.Z.*    Named plaintiff A.Z. was an enrollee in a

Regence insured health plan that is subject to ERISA until January 1, 2017.  A.Z. is a

beneficiary of an ERISA plan sponsored by a large employer of more than 51 employees.

A.Z. is diagnosed with depression, a mental health condition.  A.Z. required treatment

for her mental health condition at a licensed outdoor/wilderness behavioral healthcare

program in 2016.  Regence denied A.Z.'s requests for coverage of her treatment at the

wilderness therapy program because of the blanket exclusion contained in her Regence

policy.  Her claims are typical of the claims of the other members of the class, and,

through her parent, she will fairly and adequately represent the interests of the class.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

17.    ***Common Questions of Law and Fact***.  This action requires a determination of whether Regence's application of its blanket exclusion of all coverage for outdoor/wilderness behavioral healthcare programs to treat mental health conditions violated the requirements of the Parity Act.  The Parity Act requires that such coverage be provided in strict parity with medical/surgical services generally.  The Parity Act forbids Regence from applying treatment limitations and exclusions on mental health coverage when similar exclusions are not predominantly imposed on medical/surgical services.  Adjudication of this issue will in turn determine whether Regence is liable under ERISA for its conduct.

18.    ***Separate Suits Would Create Risk of Varying Conduct Requirements***.  The prosecution of separate actions by class members against Regence would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under FRCP 23(b)(1).

19.    ***Regence Has Acted on Grounds Generally Applicable to the Class.***  Regence, by imposing a uniform, blanket exclusion of outdoor/wilderness behavioral healthcare programs, has acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class.  Certification is therefore proper under FRCP 23(b)(2).

20.    ***Questions of Law and Fact Common to the Class Predominate Over Individual Issues.***  The claims of the individual class members are more efficiently adjudicated on a class-wide basis.  Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, there has been no class action suit filed against these defendants for the relief requested in this action for a class of ERISA insureds.  This action can be most efficiently prosecuted as a class

[REDACTED]
COMPLAINT (CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

action in the Western District of Washington, where Regence of Washington has its principal place of business, does business, and where A.Z. resides. Issues as to Regence's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under FRCP 23(b)(3).

21.    *Class Counsel*.  Plaintiff has retained experienced and competent class counsel.

### V.  FACTUAL BACKGROUND

22.    During the relevant time periods, A.Z. and members of the class have been or are participants and/or beneficiaries of welfare benefit plans which are subject to the Employee Retirement Income Security Act of 1974, pursuant to 29 U.S.C. § 1003.

23.    During all relevant time periods, A.Z. and members of the class have been or are enrollees in a Regence insured plan.

24.    Since October 3, 2009, and continuing to the present, A.Z. and other members of the class have been or are diagnosed with conditions that are considered to be mental health conditions under the Parity Act.

25.    A.Z. and members of the class have required treatment in outdoor/wilderness behavioral healthcare programs for a mental health condition. Regence, however, has excluded all coverage of such treatment through the application of blanket exclusions and treatment limitations.

26.    The application of these uniform exclusions and limitations is not "at parity" with Regence's coverage of medical/surgical services.  As a result, A.Z. and members of the class have paid for mental health treatment they received from outdoor/wilderness behavioral healthcare programs out of their own pockets.  Other class members have been forced to forego needed treatment due to Regence's conduct.

[REDACTED]
COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

27.    In light of the established Plan documents, statements and written representations by Regence to A.Z.'s parents, any attempt by class members to pursue administrative remedies is futile.  Nonetheless, A.Z. has completed the internal appeal process within her Regence plan to no avail.  She has exhausted her administrative remedies.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132(a)(2)

28.    Plaintiff re-alleges all paragraphs above.

29.    Regence is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it makes benefit determinations, reviews and finally decides appeals of denied claims under the ERISA Plans it insures.

30.    ERISA imposes strict fiduciary duties upon plan fiduciaries.  ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

31.    ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303    FAX (206) 223-0246

remedial relief as the court may deem appropriate, including removal of such fiduciary.

32.    The terms of an ERISA plan include applicable provisions of substantive federal law, such as the requirements in the Parity Act and certain provisions of the Affordable Care Act.  Defendants have failed to comply with the terms of the Plan, which include the applicable requirements of the Parity Act, the Affordable Care Act and their implementing regulations.  Under ERISA, defendants have both a fiduciary and a legal duty to ensure that the Plan complies with the applicable federal law.

33.    Regence violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) by failing to act in accordance with the documents and instruments governing the Plan, as governed by applicable federal law, and thereby breached its fiduciary duties to the Plan, the plaintiff, and all class members.

34.    As a direct and proximate result of these acts and omissions, plaintiff, the Plan and class members have suffered losses and are entitled to relief under ERISA against Regence.

35.    Plaintiff, on behalf of herself, the class and the Plan, seeks recovery of all losses to the Plan, including (but not limited to) relief compelling Regence to restore to the Plan all losses (including interest) arising from the breaches of fiduciary duties when treatment required by the terms of the Plan as governed by the Parity Act and the Affordable Care Act was denied.

**SECOND CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS**
**UNDER TERMS OF THE PLANS**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

36.    Plaintiff re-alleges all paragraphs above.

37.    ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his

[REDACTED]
COMPLAINT (CLASS ACTION) – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

1  plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

2  benefits under the terms of the plan."

3       38.    Plaintiff and the class she seeks to represent are entitled to recover benefits

4  due them due to the improper exclusion and/or limitation of coverage of medically

5  necessary mental health treatment in wilderness therapy programs. They are also

6  entitled to a declaration of their rights to coverage of medically necessary mental health

7  treatment in outdoor/wilderness behavioral healthcare programs without the

8  application of Regence's blanket exclusions and limitations.

**THIRD CLAIM:**
**CLAIM TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE**
**TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

11       39.    Plaintiff re-alleges all paragraphs above.

12       40.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiff and the class

13  seek to have Regence provide the class with corrective notice and information, including

14  reformation of the relevant health plan documents.

15       41.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a

16  participant or beneficiary may obtain other appropriate equitable relief to redress

17  violations of ERISA or enforce plan terms. To the extent full relief is not available under

18  ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C.

19  § 1132(a)(2), then plaintiff and the class seek equitable remedies including, without

20  limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential

21  damages arising out of Regence's failure to administer its ERISA insured health plans as

22  governed by the applicable provisions of the Federal Parity Act and the Affordable Care

23  Act.

24

25

26

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

## VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1.      Certify this case as a class action; designate the named plaintiff as class representative; and designate JORDAN LEWIS P.A., Jordan Lewis, and SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

2.      Enter judgment on behalf of the Plan, plaintiff and the class for losses due to Regence's breaches of fiduciary duty and failure to pay benefits;

3.      Declare that Regence may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit coverage of outdoor/wilderness behavioral healthcare programs to treat mental health conditions when such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4.      Enjoin Regence from further violations of the terms of its ERISA insured health plans as governed by the Federal Parity Act and implementing regulations, and certain provisions of the Affordable Care Act;

5.      Enter judgment in favor of plaintiff and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and certain provisions of the Affordable Care Act;

6.      Award plaintiff and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7.      Award such other relief as is just and proper.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

1    DATED:  August 25, 2017.

2                                        SIRIANNI YOUTZ
3                                        SPOONEMORE HAMBURGER

4                                        *s/ Eleanor Hamburger*
                                         *s/ Richard E. Spoonemore*
5                                        Eleanor Hamburger (WSBA #26478)
6                                        Richard E. Spoonemore (WSBA #21833)
                                            701 Fifth Avenue, Suite 3650
7                                           Seattle, WA 98104
                                            Tel. (206) 223-0303; Fax (206) 223-0246
8                                           Email:  ehamburger@sylaw.com
                                                        rspoonemore@sylaw.com
9

10                                       JORDAN LEWIS, P.A.

11                                       *s/ Jordan M. Lewis*
                                         Jordan M. Lewis (FLBA # 97997)
12                                       *pro hac vice admission pending*
                                            4473 N.E. 11th Avenue
13                                          Fort Lauderdale, FL 33334
                                            Tel. (954) 616-8995; Fax (954) 206-0374
14                                          Email:  jordan@jml-lawfirm.com

15                                       **Attorneys for Plaintiff**

16

17

18

19

20

21

22

23

24

25

26