The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| A.Z. by and through her parents and guardians, E.Z and D.Z., individually, and on behalf of the JUNO THERAPEUTICS, INC. HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals and plans,<br><br>Plaintiff,<br><br>v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>Defendants. | CASE NO. 2:17-CV-1292<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:17-cv-1292 TSZ

#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    1.    The New Facts and Legal Theories Should Be Stricken. ....................................... 2

    2.    There Is No Violation of the Mental Health Parity Act. ........................................ 4

        a.    Plaintiff Persists in Misstating the Exclusion. ........................................... 4

        b.    Under the Parity Act, Plaintiff Fails to Plead that But For the Alleged Treatment Limitation, the Service Is Covered. ........................................... 5

        c.    Plaintiff Fails to Adequately Plead a Medical/Surgical Analogue. ............ 8

    3.    Plaintiff Fails to State a Claim under the ACA ....................................................... 9

    4.    Plaintiff Fails to State a Claim under ERISA Section 502(a)(2 ) ......................... 11

    5.    Plaintiff Fails to State a Claim under ERISA Section 502(a)(3). ........................ 12

III. CONCLUSION ................................................................................................................ 12

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - i
CASE NO. 2:17-cv-1292 TSZ

#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# TABLE OF AUTHORITIES

**Cases**

*Barbera v. WMC Mortgage Corp.*, 2006 U.S. Dist. LEXIS 99483, 2006 WL 167632 (N.D. Cal. Jan. 19, 2006) ................................................................................................................ 2

*Bastida v. Nat'l Holdings Corp.*, No. C16-388RSL, 2016 U.S. Dist. LEXIS 107924 (W.D. Wash. Aug. 4, 2016) ......................................................................................................... 2

*Baxter v. MBA Group Ins. Trust Health & Welfare Plan*, 958 F. Supp. 2d 1223 (W.D. Wash. 2013) ............................................................................................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 3

*CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011) ........................................................... 10

*Cinelli v. Sec. Pac. Corp*, 61 F.3d 1437 (9th Cir. 1995) ................................................. 11

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ......................................................... 12

*Ehrman v. Standard Ins. Co.,* 2007 U.S. Dist. LEXIS 35124, 2007 WL 1288465 (N.D. Cal. 2007) ............................................................................................................................. 12

*Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044 (E.D. Cal. 2008) *aff'd*, 631 F.3d 1299 (9th Cir. 2011)................................................................................................................ 2, 3

*Friend v. Sanwa Bank of California*, 35 F.3d 466 (9th Cir. 1994) ................................. 11

*Gabriel v. Alaska Elec. Pension Fund*, 755 F.3d 647 (9th Cir. 2014) ............................ 10

*Huntsinger v. Shaw Group, Inc.*, 410 F. Supp. 2d 968 (D. Or. 2006) ............................ 11

*J.T. v. Regence Blueshield*, 291 F.R.D. 601 (W.D. Wash. 2013) .................................. 11

*Joseph & Gail F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239 (D. Utah 2016) ........... 5, 9

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) .............................................. 11

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998). ........................................................ 2

*Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166 (9th Cir. 2015)..................................... 10

*Shaver v. Operating Eng'rs Local 428 Pension Tr. Fund*, 332 F.3d 1198 (9th Cir. 2003) .......... 11

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .................................................................. 3

*Tibble v. Edison Intern*., 639 F. Supp. 2d 1074 (C.D. Cal. 2009) ................................. 11

*Welp v. Cigna Health & Life Ins. Co.*, 2017 U.S. Dist. LEXIS 113719 (S.D. Fla. July 20, 2017) ......................................................................................................................... 4, 5

**Statutes**

29 U.S.C. § 1109(1) ........................................................................................................ 11
29 U.S.C. § 1132(a)(2) .................................................................................................... 11
29 U.S.C. § 1185a(a)(3)(A) .......................................................................................... 5, 7
29 U.S.C. § 1185a(b) ........................................................................................................ 7
29 U.S.C. § 300gg-5 ......................................................................................................... 9
42 U.S.C. § 300gg-22 ..................................................................................................... 10
ERISA § 502(a)(1) .......................................................................................................... 10
ERISA § 502(a)(1)(B) ............................................................................................... 10, 12
ERISA § 502(a)(2 ) ......................................................................................................... 11
ERISA § 502(a)(2) .................................................................................................... 11, 12
ERISA § 502(a)(3) .................................................................................................... 10, 12

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - ii
CASE NO. 2:17-cv-1292 TSZ

#1139680 v3 / 43004-049

K<small>ARR</small> T<small>UTTLE</small> C<small>AMPBELL</small>
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**Rules and Regulations**
29 C.F.R. § 2590.712(c)(4)(i) .................................................................................................. 8
Federal Rule of Civil Procedure 8(a)(2) .................................................................................. 3
Preamble, Final Rules, 78 Fed. Reg. 68246 (Nov. 13, 2013) .................................................. 8
OAR 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 .................................................................................................................. 6
OAR 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(69) ........................................................................................................... 6
OAR 413-215-0000(32) ......................................................................................................... 6
OAR 413-215-0000(33) ......................................................................................................... 6
OAR 413-215-0901 ................................................................................................................ 6
OAR 413-215-0936(2) ........................................................................................................... 6

**Other Authorities**
Centers for Medicare & Medicaid Services, *Affordable Care Act Implementation FAQs – Set 15*, www.cms.gov/CCIIO/Resources/FAct-Sheets-and-FAQs/aca_implementation_faqs15.html .................................................................................. 10

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - iii
CASE NO. 2:17-cv-1292 TSZ

#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# I. INTRODUCTION

The Complaint asserts that Defendants violated the federal Parity Act *by following the written terms of the Plan,* contending that the Parity Act (and provider non-discrimination laws under the ACA) changed the terms of the Plan to require coverage for "wilderness therapy." *See e.g.* Dkt. 1 ¶ 9 ("Plaintiff seeks to enforce the Federal Mental Health Parity Act and its implementing regulations as incorporated into the terms of Regence insured health plans"); *see also id.* at ¶ 40 ("plaintiff…seek[s]…reformation of the relevant health plan documents.").

In her opposition brief, Plaintiff attempts to amend her Complaint, now asserting Regence is liable for *not following the written terms of the Plan*, irrespective of the Parity Act or ACA.[1]  This is a radical departure from the claims alleged in the Complaint, which are all premised exclusively on the allegation that the exclusion violated the Parity Act and ACA. To support this new claim, Plaintiff relies on new facts and legal claims never pled in the Complaint. This bait and switch tactic should not be permitted in response to a motion to dismiss. The Court should not allow the Plaintiff to amend the Complaint through responsive briefing.

To the limited extent Plaintiff addressed the Parity Act, Plaintiff persists in asserting there is a standalone "wilderness exclusion." This is incorrect.  Wilderness programs are but one example of the broader general exclusion for "Counseling in the Absence of Illness." Plaintiff ignores that the exclusion includes services applicable to physical conditions and that other comparable exclusions in the Plan apply to medical/surgical services, such as custodial care.  She also fails to plausibly assert the Plan covers an analogous medical/surgical service. Plaintiff then requests the court to find that she, unlike all the other plan participants, need not show that her requested wilderness therapy was medically necessary pursuant to Plan terms, asserting instead new unpled procedural violation theories and facts. Plaintiff spends pages asserting why the exclusion as written does not apply to her, relying on 50+ pages of unpled facts submitted with

---

[1] Response, Dkt. 21 at 17:8-11 ("Regence breached its duties under ERISA and violated the terms of the Plan, when it misapplied the plain language of 'Counseling in the Absence of Illness' exclusion.").

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 1
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

the brief. Yet none of this is relevant to the claims in the Complaint. The Complaint fails to state a claim.

## II.  ARGUMENT

**1.     The New Facts and Legal Theories Should Be Stricken.**

A Plaintiff cannot save a deficient complaint from dismissal by alleging new facts in an opposition brief or otherwise relying on documents outside the pleading.  *Bastida v. Nat'l Holdings Corp.*, No. C16-388RSL, 2016 U.S. Dist. LEXIS 107924, at *3-4, 2016 WL 4250135 (W.D. Wash. Aug. 4, 2016) (Lasnik, J.) (case citations omitted).  Further, "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Barbera v. WMC Mortgage Corp.*, 2006 U.S. Dist. LEXIS 99483, 2006 WL 167632 (N.D. Cal. Jan. 19, 2006); *see also Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) *aff'd*, 631 F.3d 1299 (9th Cir. 2011) ("Plaintiff's statements in his opposition brief cannot amend the Complaint under Rule 15.").

Plaintiff's opposition brief relies on new documents, facts, and claims that are not in the Complaint in an attempt to salvage her deficient complaint.  Plaintiff baldly cites to *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) to justify attaching voluminous documents to the opposition brief.  *See* Dkt. 22.  *Parrino* does not stand for the principle that a *plaintiff* may hide the ball at the pleading stage and then sandbag the defendant by attaching documents in opposition to a motion to dismiss.  The Ninth Circuit in *Parrino* permitted a *defendant* to attach documents that were not specifically referenced in a complaint that were crucial to the plaintiff's claims.  "Such an extension is supported by the policy concern underlying the rule: Preventing *plaintiffs* from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* (emphasis added).  That policy does not extend to a plaintiff who failed to reference the documents in the Complaint.  *See also Bastida*, 2016 U.S. Dist. LEXIS 107924, at *4.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 2
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

The Complaint does not reference any of the documents submitted by Plaintiff. The Court's consideration of these documents would unfairly prejudice Regence, as Regence is now placed in the untenable position of providing additional or contrary facts in its reply briefing to contextualize these documents. Further, these documents are submitted with the sole intent of proving the validity of a claim that is not even pled in the Complaint: that Regence violated the terms of the Plan document itself, irrespective of the Parity Act or the ACA.[2] The Court should strike these documents and any references to them in the opposition.

In contrast to what is argued in her responsive briefing, Plaintiff's Complaint states unequivocally that her claims are based on violations of the Parity Act and ACA. *See, e.g.* Compl. ¶ 13 ("This lawsuit seeks remedies under ERISA arising out of Regence's failure to comply with the terms of its ERISA insured plans *as modified by applicable federal law*.") (emphasis added); *see also id*. at ¶ 39 (seeking "reformation of the relevant health plan documents" ); *see also id.* at ¶¶ 9, 11, 12, 25, 26, 41.

To the extent Plaintiff now argues otherwise, Plaintiff simply does not fulfill the notice pleading requirement of Federal Rule of Civil Procedure 8(a)(2), which requires the plaintiff to give a *plain* statement of the claim. *Id.* A plaintiff must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (case citations omitted); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff's Complaint in no way gives Regence fair notice that its claim is based on violation of the Plan terms as written. The Complaint suggests the opposite: that Plaintiff's claim relies on the Parity Act or ACA in order to demonstrate an illegal exclusion. The Court should not allow Plaintiff to amend her Complaint in responsive briefing. *Fabbrini*, 544 F. Supp. 2d at 1050.

---

[2] Plaintiff also attempts to use these documents to argue that Regence cannot change the reason for its dismissal, which is irrelevant for an analysis under the Parity Act or the ACA.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 3
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**2.     There Is No Violation of the Mental Health Parity Act.**

   **a.     Plaintiff Persists in Misstating the Exclusion.**

Plaintiff ignores the Plan language altogether and attempts to distract the court by focusing on one phrase within the broader exclusion,[3] in direct violation of *Welp v. Cigna Health & Life Ins. Co.*, 2017 U.S. Dist. LEXIS 113719 (S.D. Fla. July 20, 2017).  *Welp*—which is the only known decision to date on the application of the Parity Act to wilderness programs—states unequivocally that "[t]o properly plead a Parity Act violation resulting from the denial of the wilderness program's coverage, the first thing Plaintiff must do is correctly identify the relevant limitation.  *Id.* at *15.  Plaintiff makes no effort to distinguish *Welp* in the context of her parity analysis.

Following *Welp*, the relevant exclusion is not a separate "wilderness" exclusion.  Under the plain language of the Plan, a wilderness program is but one example of the exclusion for "[s]ervices for counseling in the absence of illness."  Dkt. 16 at Regence 55.  This exclusion then lists various types of services as examples, including "recreational therapy" and "sensory movement groups."  The exclusion on its face applies to *both* mental *and* physical health services.[4]

The Parity Act does not require identical treatment limitations be applied to medical/surgical services; only that they be comparable.  "Counseling in the Absence of Illness" exclusion is on par with other general exclusions for medical/surgical services in the Plan that promote physical well-being and improvement, such as custodial care, physical exercise programs and equipment, self-help, self-care, training or instructional programs.  *See* Dkt. 16 at Regence 57.  Plaintiff ignores this contract language entirely.

---

[3] Plaintiff blames Regence for her mischaracterization, contending there is standalone wilderness exclusion referenced by Regence in letters attached to the Declaration of Richard E. Spoonemore.  *See* Dkt. 21 at 8 of 34.  Although the Court should not consider those documents for the reasons briefed above, this is but one more example of Plaintiff citing language out of context—the letters quote the full exclusion and expressly refer to the Plan, and the Plan terms are dispositive regarding the applicable exclusion. The Court should not accept Plaintiff's new allegation as true.

[4] Defendants previously briefed that recreational therapy is for physical conditions.  See Dkt. 15 at 11, n.7.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 4
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Plaintiff's reliance on *Joseph & Gail F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1262 (D. Utah 2016) is misplaced. In *Joseph F.*, all residential treatment centers were excluded from the plan, and the plaintiff successfully argued that the exclusion was a separate treatment limitation that applied only to mental health benefits. *Id.* at 1261-62. Unlike Joseph F., the exclusion at issue here, when read as a whole, excludes medical/surgical services, such as recreational therapy. Plaintiff has pled no facts asserting how the general exclusion at issue here was applied as compared to medical/surgical services, and her parity argument relies entirely on re-characterizing the exclusion, just as the plaintiff did in *Welp*.

### b. Under the Parity Act, Plaintiff Fails to Plead that But For the Alleged Treatment Limitation, the Service Is Covered.

Plaintiff must but fails to plead that her wilderness program qualifies as a Mental Health Service as defined by the Plan, which would be covered but for the exclusion. This is a threshold requirement under the Parity Act. *See* 29 U.S.C. § 1185a(a)(3)(A). Plaintiff provides no information in her Complaint about who her provider was, what they were licensed to do, or what services were actually performed, or that those services were medically necessary for A.Z.

*i. Pleading defects regarding the Provider*

Plaintiff attempts to remedy this deficiency by including new information in her response briefing, and only then in conclusory or misleading terms. The Court should not consider it. For example, Plaintiff submitted information in opposition identifying the provider as Evoke at Cascades ("Evoke"). Plaintiff now claims that Evoke had a "Certification of Behavioral Health Treatment Services from the Oregon Health Authority, and was licensed by Oregon to provide the mental health services received by A.Z.," Response at 4:23-25. Plaintiff's own exhibit destroys this contention, *see* Dkt. 22 at Ex. C, 9. Evoke had a certificate from the Department of Human Services to operate as a "Child Caring Agency" to provide "the following types of child care: Outdoor Youth Program."

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 5
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

K<small>ARR</small> T<small>UTTLE</small> C<small>AMPBELL</small>
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

The regulations for Outdoor Youth Programs—found at OAR 413-215-0901 to 1031 and cited selectively by Plaintiff in Appendix A—describe the types of services an outdoor youth program may provide. They clearly contemplate that children will partake in outdoor recreational activities such as hiking, climbing, and whitewater activities. OAR 413-215-0000(33). The regulations further require the program to plan for "casualties and missing children." OAR 413-215-0936(2). Per Oregon law, Outdoor Youth Programs can address "<u>problem</u>" behaviors. *See, e.g.*, OAR 413-215-0000(32). These "problems" can include services for teenagers who disobey their parents, skip school, binge drink, or have low self-esteem, without any diagnosed mental condition. This is consistent with services rendered in the absence of illness, without regard to any diagnosis.

As such, wilderness programs are *not* limited to addressing "diagnosed mental health conditions," in stark contrast to residential treatment facilities, for which Evoke is not licensed. The Oregon Health Authority prescribes the "*minimum standards* for services and supports provided by addiction and mental health providers," in residential treatment facilities, OAR 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, including:

> Psychiatric Residential Treatment Facility (PRTF) means facilities that are structured residential treatment environments with daily 24-hour supervision and active psychiatric treatment including Psychiatric Residential Treatment Services (PRTS), Secure Children's Inpatient Treatment Programs (SCIP), Secure Adolescent Inpatient Treatment Programs (SAIP), and Sub-acute Psychiatric Treatment for children who require active treatment for a *diagnosed mental health condition* in a 24-hour residential setting.

OAR 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(69) (emphasis added). Plaintiff has not pled and under the regulations cannot show that her provider qualifies as a residential treatment facility.[5]

---

[5] To the extent the Plaintiff argues that she qualifies for Residential Care under the Plan, she must plead what license her provider has and what level of service her provider billed for, as well as whether the provider was licensed for that level of reimbursement and that the services were Medically Necessary. *See* Dkt. 16 at Regence 41. She has done none of these things. The Court should make no substantive ruling beyond the sufficiency of the pleading, due to Plaintiff's pleading deficiencies coupled with misleading descriptions of the licensure regulations and incomplete facts in her briefing.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 6
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

*ii. Pleading defects regarding medical necessity.*

Even though the Complaint is premised on the general assertion that "Regence excludes coverage of outdoor/wilderness behavioral healthcare programs even when medically necessary to treat a mental health condition," Compl. ¶ 9, conspicuously absent is any allegation that wilderness therapy *for A.Z.* was medically necessary. Covered Mental Health Services are defined under the Plan as "Medically Necessary…services." Dkt. 16 at Regence 41. "Medically Necessary" is in turn defined under the Plan.[6] Instead, Plaintiff uses far more slippery language, that she "required" wilderness therapy. *See id.* at ¶ 16 ("A.Z. required treatment…"); *id.* at ¶ 25 ("A.Z.….ha[s] required treatment…").

Plaintiff then, completely unhinged from the Complaint, argues she does not have to show wilderness therapy services were medically necessary for her. *See* Response at Section III.A.2 at 6-7. Plaintiff attempts to have the court consider denial and appeal letters to assert that the letters show a procedural violation by Defendant, which she asserts waives the Plan's medical necessity requirement. The Complaint alleges none of these facts. It does not reference waiver or estoppel. It does not allege that Defendant violated the ERISA claims procedures in any way. It does not allege deficiencies in any denial letter issued to A.Z. It does not allege any claim or basis to find that Plaintiff should be excused from showing medical necessity under the Plan. If such a claim exists, it was not pled – in violation of the most basic pleading standards of Rule 8 and certainly under the more exacting standards of *Iqbal*. These arguments should be given no weight here. Moreover, Plaintiff's argument is simply irrelevant to a Parity analysis, which requires the Plaintiff to show her treatment would otherwise be covered under the Plan but for the exclusion. *See* 29 U.S.C. § 1185a(a)(3)(A). To hold otherwise would be to create a benefit mandate, which the Parity Act expressly forbids. 29 U.S.C. § 1185a(b); Preamble, Final

---

[6] "Medically Necessary….means health care services or supplies that a Physician or other health care Provider, exercising prudent clinical judgment, would provide to a patient for the purpose of preventing, evaluating, diagnosing or treating an Illness, Injury, disease or its symptoms, and that are …In accordance with generally accepted standards of medical practice; [and] Clinically appropriate…[and]…Not primarily for the convenience of the patient…" Dkt. 16 at Regence 90.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 7
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Rules, 78 Fed. Reg. 68246 (Nov. 13, 2013). This Court has also previously ruled that "before a court addresses exclusionary language, the plaintiff bears the burden of showing he is entitled to coverage under the plan." *Baxter v. MBA Group Ins. Trust Health & Welfare Plan*, 958 F. Supp. 2d 1223, 1230 (W.D. Wash. 2013) (Zilly, J.) (case citations omitted).

In short, Plaintiff has not pled that her wilderness program would qualify as a covered service under the Plan but for the exclusion. The Court should not consider the new unpled legal claims and facts now presented.

### c. Plaintiff Fails to Adequately Plead a Medical/Surgical Analogue.

The Parity Act requires Plaintiff to correctly identify a nonquantitative treatment limitation applicable to a covered mental health benefit that is not comparable to and is applied more restrictively than the limitation imposed on medical/surgical benefits within the same classification—inpatient, outpatient, etc.—with regard to processes, strategies, evidentiary standards, or other factors. *See* 29 C.F.R. § 2590.712(c)(4)(i). The Parity Act does not require greater benefits be provided for mental health conditions than for medical/surgical services. Preamble, Final Rules, 78 Fed. Reg. 68246 (Nov. 13, 2013). To get around this, Plaintiff uses tortured logic to assert that Skilled Nursing Facilities (SNFs) are the analogous medical/surgical service to wilderness programs. Because no authority exists for this argument, she attempts to bootstrap arguments that wilderness programs should be considered residential treatment facilities[7] and therefore should be compared to skilled nursing facilities. This fails.

The final regulations of the Parity Act discuss "scope of services" related to the intensity of services provided and require that similar services be classified consistently. *Id.* at 68247. Plaintiff turns this on its head, claiming an "Outdoor Youth Program" (wilderness program) is similar to a skilled nursing facility without pleading any facts in support. Instead, Plaintiff claims a wilderness program is residential treatment and therefore should be compared to SNFs.

---

[7] Defendant strongly disagrees with this unpled contention and Plaintiff's new claim that wilderness programs are covered without regard to the exclusion. The court need not decide this issue for the parity analysis.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 8
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

As discussed above, Plaintiff failed to plead adequate facts to show the wilderness program qualifies as residential treatment. Regardless, she cannot plausibly plead facts that SNFs are comparable medical/surgical services to wilderness programs.

Plaintiff fails to plead an analogous medical-surgical service is covered. In *Joseph F.*, the court found that skilled nursing facilities were the comparable medical-surgical analogue to residential treatment centers, and it was therefore a violation of parity to exclude residential treatment centers, which in practice only treated mental health conditions. *Joseph F.*, 158 F. Supp. 3d at 1261. Here, the Plan covers both residential treatment and skilled nursing facilities in accordance with *Joseph F.* Plaintiff has not adequately pled that her wilderness program is either of those things. There is no medical-surgical analogue, and the actual exclusion—counseling in the absence of illness—<u>does</u> apply to medical/surgical services, including recreational therapy. *See* n. 4, *supra*.

Plaintiff's other Parity arguments are unavailing. Plaintiff asserts that a blanket exclusion for wilderness programs is an exclusion of "facility type," and is therefore a nonquantitative treatment limitation. Response at 18:17-19. This is incorrect. This once again misstates the actual exclusion, and none of the examples included in the exclusion are based on facility type. There is no parity violation.

### 3. Plaintiff Fails to State a Claim under the ACA.

Plaintiff asserts the provider non-discrimination statute, 42 U.S.C. § 300gg-5, requires the plan to cover "wilderness providers." No court has interpreted this statute to create a benefit mandate on behalf of plan participants, and Plaintiff provides no authority to support this vast impact on the national health care system. The court need not weigh in on this novel approach.

The statute protects <u>providers</u> from discrimination, but only if they are acting within the scope of their license under applicable law. *Id.* The Complaint failed to identify what license the unnamed provider had, failed to identify any of the services that were provided, or even assert that the provider was acting within the scope of their license. The sole allegation—that

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 9
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

"A.Z. required treatment for her mental health condition at a licensed outdoor/wilderness behavioral healthcare program," Compl. ¶ 16—does not meet *Twombly/Iqbal* standards.

Allowing Plaintiff to replead would be futile since she concedes in the opposition brief that the provider's license was as a "child caring agency" for "Outdoor Youth Programs," and that Evoke billed for psychiatric residential treatment, a license they does not have.[8] Further, contrary to her argument that A.Z. can enforce provider non-discrimination rules, the statute expressly reserved enforcement to the Secretary and the States. 42 U.S.C. § 300gg-22. In that regard, the FAQs issued by CMS for Provider Non-discrimination clearly indicate the statute only applies to covered benefits, and not as a basis to mandate benefits not otherwise covered.[9]

Plaintiff attempts to reform the Plan by forcing Regence to reimburse a provider for a service that is not covered by the Plan. This attempt to reform the contract is in violation of Supreme Court authority. In *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877-78 (2011), the court ruled ERISA § 502(a)(1) may be used only to enforce plan terms, not to reform plan terms. *See also Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1169 (9th Cir. 2015) ("The Court held that although ERISA section 502(a)(1)(B) allows a civil action to be brought by a plan beneficiary 'to recover benefits due to him under the terms of his plan,' this statutory text gives a court power only to enforce the terms of the plan, not to change them."). And, to the extent Plaintiff asserts reformation under 502(a)(3), she fails to meet the basic pleading standards for doing so. As the Ninth Circuit recently ruled: "the power to reform contracts [under ERISA § 502(a)(3)] is available only in the event of mistake or fraud." *Gabriel v. Alaska Elec. Pension Fund*, 755 F.3d 647, 656 (9th Cir. 2014). Any claims based on alleged violation of the provider non-discrimination statute should be dismissed.

---

[8] It is illegal for a provider with an Outdoor Youth Program license to represent itself as able to or purport to provide residential treatment services. See OAR 413-215-0011(2).

[9] Centers for Medicare & Medicaid Services, *Affordable Care Act Implementation FAQs – Set 15*, www.cms.gov/CCIIO/Resources/FAct-Sheets-and-FAQs/aca_implementation_faqs15.html.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 10
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### 4. Plaintiff Fails to State a Claim under ERISA Section 502(a)(2)

It is black letter law that a claim by a plan participant under ERISA § 502(a)(2) can only be brought to restore losses *to the plan*. 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1109(1); *see also Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985) (noting that a Section 1132(a)(2) claim can be brought only "to make good to [a] plan any losses to the plan . . . and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan...")

Plaintiff relies on *Shaver v. Operating Eng'rs Local 428 Pension Tr. Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003). That case does not help Plaintiff, who concedes she is not seeking injunctive relief. Response at 23 ("Plaintiff A.Z. is not seeking prospective remedies."). *Shaver* explained that plaintiffs were not required to show a loss because they were seeking "purely equitable relief" in the form of enjoining future misconduct, or to have the trustees removed. *Id.*; *see also J.T. v. Regence Blueshield*, 291 F.R.D. 601, 610 (W.D. Wash. 2013) ("To the extent that S.A. seeks only to enjoin Defendants from disseminating allegedly erroneous information, she seeks an equitable, non-monetary remedy that does not require a showing of an individual loss or injury.") *Tibble v. Edison Intern.*, 639 F. Supp. 2d 1074, 1097 (C.D. Cal. 2009) likewise involved injunctive relief and is unavailing. The plan loss requirement continues to apply where the plaintiff seeks monetary relief. *Friend v. Sanwa Bank of California*, 35 F.3d 466, 469 (9th Cir. 1994).

Many courts have ruled that dressing up monetary relief for the plaintiff as equitable relief to the plan does not suffice to state an ERISA § 502(a)(2) claim. *See Cinelli v. Sec. Pac. Corp*, 61 F.3d 1437, 1445 (9th Cir. 1995) (Cinelli's action is for himself and others similarly situated, not the plan); *Huntsinger v. Shaw Group, Inc.*, 410 F. Supp. 2d 968, 974-75 (D. Or. 2006) (desired redress for ERISA fiduciary breach, although characterized as restitution to the plan, was improper because the remedy was actually individual compensation for improperly

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 11
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

denied benefits); *Ehrman v. Standard Ins. Co.,* 2007 U.S. Dist. LEXIS 35124, 2007 WL 1288465, *2 (N.D. Cal. 2007) (same).

Plaintiff contends that she seeks an injunction to "reprocess and pay claims wrongfully denied." Response at 30. This is just a recharacterization of individual compensation for denied benefits under ERISA § 502(a)(1)(B). Similarly, the assertion that Plaintiff seeks "disgorgement" based on unjust enrichment is another form of monetary relief to benefit plaintiff, which she argues must be returned "to the beneficiary." Response at 30.

Plaintiff has the additional problem that she has no standing to seek an injunction on behalf of the plan. As the Supreme Court explained in *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) the plaintiff does not have standing where injunction is sought as a remedy for a past harm: "The equitable remedy [of an injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again...." *Id.* (internal citation omitted). While acknowledging she has no standing for any claims seeking prospective relief, A.Z. insists she can seek an injunction for past harms. Plaintiff cites no support for this proposition. It should be rejected.

**5.     Plaintiff Fails to State a Claim under ERISA Section 502(a)(3).**

Plaintiff's alleged injunctive relief under ERISA § 502(a)(3) fails for the same reason her 502(a)(2) claim fails—she lacks standing to pursue injunctive relief because she cannot as a matter of law demonstrate the essential elements of a claim for injunctive relief. *Lyons*, 461 U.S. at 111. All of Plaintiff's claims for injunctive relief under 502(a)(3) should be dismissed.

### III.  CONCLUSION

For all the foregoing reasons, the Court should grant Defendants' Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 12
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Dated this 10th day of November, 2017.

> */s/ Medora A. Marisseau*
> Medora A. Marisseau, WSBA# 23114
> Stephanie R. Lakinski, WSBA # 46391
> **KARR TUTTLE CAMPBELL**
> 701 Fifth Avenue, Suite 3300
> Seattle, WA 98104
> Telephone:  206-223-1313
> Facsimile:  206-682-7100
> Email:  MMarisseau@karrtuttle.com
> Email:  SLakinski@karrtuttle.com
> *Attorneys for Defendants*

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 13
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# CERTIFICATE OF SERVICE

I, Kami R. Mejia, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Ave., Suite 3300, Seattle, WA 98104. On this day, I caused the foregoing document to be served on the parties listed below in the manner indicated.

| | |
|---|---|
| Eleanor Hamburger<br>Richard E. Spoonemore<br>SIRIANNI YOUTZ<br>SPOONEMORE HAMBURGER<br>701 Fifth Avenue, Suite 2560<br>Seattle, WA 98104<br>Ehamburger@sylaw.com<br>Rspoonemore@sylaw.com<br>*Attorneys for Plaintiff* | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ Via ECF/E Service (*if opted in*) |
| Jordan M. Lewis<br>JORDAN LEWIS, P.A.<br>4473 N.E. 11th Avenue<br>Fort Lauderdale, FL 3334<br>Jordan@jml-lawfirm.com<br>*Attorney for Plaintiff (pending pro hac vice admission)* | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ Via ECF/E Service (*if opted in* |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge. Executed on this 10th day of November, 2017, at Seattle, Washington.

*/s/ Kami R. Mejia*
Kami R. Mejia
Litigation Legal Assistant

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS - 14
CASE NO. 2:17-cv-1292 TSZ
#1139680 v3 / 43004-049

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100