UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A. Z., by and through her parents and guardians, E.Z. and D.Z., individually, and on behalf of the JUNO THERAPEUTICS, INC. HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals and plans,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUESHIELD, et al.<br><br>Defendants. | C17-1292 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Motion to Dismiss, docket no. 15 (the "Motion"), is GRANTED in part and DENIED in part as follows. The Complaint, docket no. 1, is DISMISSED without prejudice and with leave to refile within thirty (30) days of this Minute Order. The Complaint alleges in pertinent part that "A.Z. required treatment for her mental health condition at a licensed outdoor/wilderness behavioral healthcare program in 2016. Regence denied A.Z.'s requests for coverage of her treatment at the wilderness therapy program because of the blanket exclusion contained in her Regence policy." Complaint at ¶ 16. Beyond this blanket assertion, the Complaint does not allege sufficient facts to show that the policy or Regence's interpretation of the policy violates the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, Pub. L. 110-343, 122 Stat. 3765, incorporated into the federal code at 29 U.S.C. § 1185a. *See Welp v. Cigna Health and Life Ins. Co.*, No. 17-80237-CIV-MIDDLEBROOKS, 2017 WL 3263138, at *3–7 (S.D. Fla. July 20, 2017). "Factual

MINUTE ORDER - 1

allegations must be enough to raise [Plaintiffs'] right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs fail to put forth allegations that the wilderness program would be covered under the policy but for the purported treatment limitation Plaintiffs rely on. Likewise, Plaintiffs' allegations are insufficient to plead a violation of the provider non-discrimination provision of the Affordable Care Act, 42 U.S.C. § 300gg-5(a); 29 U.S.C. § 1185d. "Plaintiffs cannot save a deficient complaint from dismissal by alleging new facts in an opposition brief or otherwise relying on documents outside the pleadings." *Bastida v. Nat'l Holdings Corp.*, No. C16-388RSL, 2016 WL 4250135, at *1 (W.D. Wash. Aug. 4, 2016) (citations omitted); *see also Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008), *aff'd* 631 F.3d 1299 (9th Cir. 2011) ("Plaintiff's statements in his opposition brief cannot amend the Complaint under Rule 15.").[1] The Complaint does not reference the materials submitted by Plaintiffs in opposition to the Motion and those materials are therefore STRICKEN.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of February, 2018.

            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk

---

[1] Plaintiffs' reliance on *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) is misplaced. At issue in *Parrino* was whether the defendants could rely on documents whose contents were alleged in the complaint in moving to dismiss that complaint. *Id.* at 705–06. The Ninth Circuit reasoned that this holding "is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.*